**EXHIBIT 11**

IN SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Hat Nguyen,<br><br>               Plaintiff,<br><br>    v.<br><br>Clear Recon Corp., a Washington State Corporation; Select Portfolio Servicing, Inc., a Utah Corporation; U.S. Bank Trust National Association, as Trustee of the Cabana Series IV Trust; Jaspal Jazz Singh, An Individual; Eastside Funding, LLC, a Washington Limited Liability Company; and John and Jane Does 1-10,<br><br>               Defendants. | Case No.: 25-2-26514-5 KNT<br><br>MOTION FOR HEARING MOTION FOR TEMPORARY INJUNCTION ON SHORTENED TIME |

COMES NOW, Plaintiff Hat Nguyen to ask the Court for an Order allowing hearing on shortened time to hear the Motion For Temporary Restraining Order Preventing: (1) Initiation of an Eviction Proceeding Against Ms. Nguyen And (2) Transfer and/or Encumbrance of the Subject Property Pending a Hearing On Plaintiff's Motion For Preliminary Injunction ("TRO Motion") to prevent the filing of an imminent unlawful detainer action.

Plaintiff hereby moves this Court for an Order approving their Motion for Hearing on Shortened Time to have their Motion heard on shortened time. Plaintiff needs this matter heard on shortened time because twenty days have already passed from an August 15, 2025 foreclosure

MOTION FOR HEARING ON
SHORTENED TIME

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

sale of the Plaintiff's home under RCW and Defendants Jaspal Jazz Singh and Eastside Funding, LLC, a Washington Limited Liability Company, the third -party purchasers of the Platiniff's property, would have a right to possession of the home without an Temporary Restraining Order even though the auction that took place is void because the Plaintiff reinstated her mortgage prior to the auction.

## I.    FACTS

The dispositive facts establishing the need for immediate relief are set forth in detail in Plaintiff's TRO Motion and the supporting Declarations of Hat Nguyen, Julie Tran, and Christina L. Henry. In summary, a nonjudicial foreclosure sale of Plaintiff's home was conducted on August 15, 2025. *See* TRO Motion at 1-2. However, undisputed time-stamped evidence confirms that Plaintiff, acting on the explicit instructions of the beneficiary's agent, cured the default via an irrevocable wire transfer at 10:22 a.m. *Id.* at 3. The trustee's sale commenced two minutes later, at 10:24 a.m., after the trustee's statutory authority to conduct the sale had already been extinguished by the cure. *Id.* The sale is therefore void *ab initio*.

The Trustee's Deed Upon Sale was recorded on August 22, 2025. The twenty-day period prescribed by RCW 61.24.060(1) has now expired. Consequently, the purchaser Defendants, Jaspal Jazz Singh and Eastside Funding, LLC, may at any moment initiate an unlawful detainer action to wrongfully evict Plaintiff from her home based on a void foreclosure auction. The purpose of the underlying TRO Motion is to preserve the status quo and prevent this immediate and irreparable harm.

## II.    ISSUE PRESENTED

Whether the imminent threat of a wrongful eviction action, based on a foreclosure sale that is void as a matter of law, constitutes sufficient grounds for an order to show cause and to shorten the time for a hearing on Plaintiff's Motion for a Temporary Restraining Order to prevent immediate and irreparable harm.

MOTION FOR HEARING ON
SHORTENED TIME

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

### III. EVIDENCE RELIED UPON

Plaintiff relies on the pleadings and papers on file herein, including her First Amended Complaint; her Motion for Temporary Restraining Order and the legal authorities cited therein; the Declarations of Hat Nguyen, Julie Tran, and Christina L. Henry, together with all attached exhibits; and this Motion.

### IV. ARGUMENT AND AUTHORITY

This Court has the authority to shorten time and issue an order to show cause where immediate action is necessary to prevent irreparable injury. CR 65(a) and (b) provide the framework for issuing temporary restraining orders, inherently recognizing that circumstances may require expedited judicial intervention. King County Local Rule 7(b)(9) expressly permits the Court to shorten time for good cause shown. Such a cause is overwhelmingly present here.

The justification for this motion is the immediate threat of irreparable harm. The nonjudicial foreclosure sale occurred on August 15, 2025. The twenty-day period following the recording of the Trustee's Deed, after which the purchaser obtains the right to possession under RCW 61.24.060, has elapsed. The Purchaser Defendants are now statutorily empowered to commence an unlawful detainer action at any time.

Such an eviction would be wrongful and would constitute irreparable harm for which no adequate remedy at law exists. The loss of one's home is a unique and catastrophic injury. *See Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 96 Wn.2d 785, 793, 638 P.2d 1213 (1982). Furthermore, the mere filing of an unlawful detainer action creates a public record that can inflict significant and lasting damage on a tenant's credit and rental history, regardless of the outcome.

Plaintiff has demonstrated in her TRO Motion a clear legal right and a high probability of success on the merits. The foreclosure sale is void *ab initio* because Plaintiff's pre-sale cure extinguished the trustee's authority to sell the property. *See Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 568, 276 P.3d 1277 (2012) ("Without statutory authority, any action

MOTION FOR HEARING ON
SHORTENED TIME

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

taken is invalid."). Claims that a sale is void are not subject to the pre-sale waiver provisions of the Deed of Trust Act. *See Patrick v. Wells Fargo Bank, NA*, 196 Wn. App. 398, 407, 385 P.3d 165 (2016); *Miller v. U.S. Bank, N.A.*, No. 78044-1-I, 2019 WL 5538186, at *5 (Wash. Ct. App. Oct. 28, 2019) (unpublished).[1]

Proceeding on a standard notice schedule would frustrate the purpose of the requested relief. It would create a window of time during which the Purchaser Defendants could file an unlawful detainer action, subjecting Plaintiff to the very harm the TRO is designed to prevent. Shortening time is therefore essential to allow the Court to hear this matter before that irreparable injury occurs.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the proposed Order to Show Cause and to Shorten Time, and set this matter for a hearing at the Court's earliest opportunity.

Dated 16th day of September, 2025.

> I certify that this memorandum contains 892 words, in compliance with the Local Civil Rules.
>
> DEVLIN LAW FIRM LLC
>
> *s/ Christina L. Henry*
> Christina Henry, WSBA No. 31273
> Attorney for Plaintiffs
> 6100 219th St SW
> Ste 480, PMB 398
> Mountlake Terrace, WA 98043-2222
> Tel# 206-319-0077
> chenry@devlinlawfirm.com

---

[1] A true and correct copy of this opinion is provided in the Appendix of Unpublished Authority filed concurrently herewith.

MOTION FOR HEARING ON
SHORTENED TIME

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010