# EXHIBIT 16

ØŒŠÒÖ
Æ€Gí ÁÙÒÙÆÎ ÆJKGÍ ÁŒ‡
SŒÕÁÔUWÞVŸ
ÙWÚÒÜŒJÜÁÔUWÜVÁÔŠÒÜS
ÒËØŠÒÖ
ÔŒÜÒÂKÆGÍËGËGÍFIËÁÞV

IN SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Hat Nguyen,<br><br>                    Plaintiff,<br><br>  v.<br><br>Clear Recon Corp., a Washington State Corporation; Select Portfolio Servicing, Inc., a Utah Corporation; U.S. Bank Trust National Association, as Trustee of the Cabana Series IV Trust; Jaspal Jazz Singh, An Individual; Eastside Funding, LLC, a Washington Limited Liability Company; and John and Jane Does 1-10,<br><br>                    Defendants. | Case No.: 25-2-26514-5 KNT<br><br>MOTION FOR PRELIMINARY INJUNCTION |

## I.    RELIEF REQUESTED

Plaintiff Hat Nguyen, by and through her counsel of record, respectfully moves this Court for the entry of a Preliminary Injunction pursuant to Washington Superior Court Civil Rule 65 and RCW 7.40.020. This motion seeks to enjoin Defendants Jaspal Jazz Singh and Eastside Funding, LLC (collectively, the "Purchaser Defendants"), and their agents, during the pendency of this action, from: (1) initiating, prosecuting, or otherwise proceeding with any unlawful detainer action or taking any other steps to dispossess Plaintiff from her home; and (2) selling, transferring, conveying, or otherwise encumbering the real property located at 30007 188th Ave SE, Kent, Washington 98042 (the "Property").

1

| MOTION FOR PRELIMINARY<br>INJUNCTION | DEVLIN LAW FIRM<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>Tel: (302) 449-9010 |
|---|---|

1    This relief is necessary to preserve the status quo and prevent the irreparable loss of
2    Plaintiff's home and her ability to recover title pending the final adjudication of her claims that
3    the underlying foreclosure sale was void *ab initio* and a legal nullity.

## II.   III. EVIDENCE RELIED UPON

Plaintiff relies upon her First Amended Complaint ("FAC") and its attached exhibits, this Motion, and the Declaration of Julie Tran filed in support of both this motion and the Motion for Temporary Restraining Order, and the complete record on file in this matter.

## III.   FACTS

The facts supporting this motion are fully alleged in Plaintiff's First Amended Complaint ("FAC") and detailed in the supporting declarations filed herewith. In brief, this action arises from a wrongful nonjudicial foreclosure sale that was conducted without legal authority after Plaintiff had already cured the underlying default. FAC ¶¶ 2, 39. Plaintiff's home, located at 30007 188th Ave SE, Kent, Washington 98042 (the "Property"), was the subject of a nonjudicial foreclosure sale set for August 15, 2025. FAC ¶ 45. At the time of the auction, the total debt owed to Defendant U.S. Bank was approximately $436,800. FAC ¶ 4. The sale was conducted after Plaintiff's diligent, good-faith efforts to cure prior to the sale were systematically obstructed by Defendants, but Ms. Nguyen still managed to wire the funds two minutes before the sale, at 10:22 a.m.

### A.   Defendants Obstruct Plaintiff's Good-Faith Efforts to Cure on the Morning of the Sale.

Months before the sale, Plaintiff's daughter and authorized agent, Julie Tran ("Ms. Tran"), proactively engaged with the servicer, Defendant Select Portfolio Servicing, Inc. ("SPS"), the loan servicer, to resolve the mortgage arrearage. In June 2025, she submitted a loan modification application. FAC ¶ 20. SPS, on behalf of US Bank, denied the application, but the denial letter contained a material admission: its financial analysis was based on an estimated Property Value of $850,000, confirming SPS was aware of the substantial equity in the home.

FAC ¶ 21. On July 23, 2025, Ms. Tran emailed the "Relationship Manager" assigned by SPS to discuss additional options; her email went unanswered. FAC ¶ 22; Ex. B.

On August 11, 2025, at Ms. Nguyen's request, SPS provided her with a formal Reinstatement Quote for $73,021.54. FAC ¶ 25, Ex. C. When Ms. Tran contacted SPS on that same date to arrange payment, she was misdirected by an SPS representative to cease communication with SPS and instead contact its foreclosure counsel, Aldridge Pite, LLP. FAC ¶ 23. The next day, August 12, 2025, she left a detailed voicemail for Tammy Williams, an attorney at the firm, urgently requesting reinstatement information. The call was never returned, leaving Ms. Nguyen with no viable channel to cure the default. FAC ¶ 24.

### B. Defendants' Bad-Faith Obstruction Culminates on the Morning of the Sale.

On the morning of the scheduled foreclosure sale, August 15, 2025, Ms. Tran engaged in diligent, documented efforts to tender the reinstatement funds. FAC ¶ 27; Tran Dec. ¶ 5. Declaration of Julie Tran ("Tran Dec."). She was met with a coordinated, bad-faith obstruction by the purported trustee, Defendant CRC, and SPS. FAC ¶¶ 2, 27.

At approximately 9:07 a.m. that day, following instructions from a CRC representative, Ms. Tran sent an email to both the purported trustee, CRC, and its affiliated law firm and counsel for the Beneficiary and CRC, Defendant U.S. Bank Trust National Association, as Trustee of the Cabana Series IV Trust, ("U.S. Bank"), Aldridge Pite, LLP. FAC ¶ 29; Tran Dec. ¶ 7. This email, sent to FCSales@clearreconcorp.com and fcsales@aldridgepite.com, put both entities on direct, simultaneous notice of Plaintiff's intent and ability to cure, stating unequivocally, "I have the funds to reinstate the home… Please stop the auction at 10 am today." To substantiate the present ability to pay, she attached a bank statement showing a balance sufficient to cover the formal Reinstatement Quote previously provided by SPS. FAC ¶¶ 25, 29; Tran Dec. ¶ 7.

Instead of facilitating the cure, CRC responded at 9:10 a.m. by deflecting responsibility and instructing Ms. Tran to "reach out directly to SPS." FAC ¶ 32; Tran Dec. ¶ 8. For the next thirty minutes, SPS subjected Ms. Tran to a circular and fruitless exchange, transferring her

3

MOTION FOR PRELIMINARY
INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

between departments before ultimately stating they could not stop the sale. FAC ¶ 33; Tran Dec. ¶ 9. This was just a deceptive and misleading run around by the Defendants to prevent Ms Nguyen from being able to reinstate the loan.

Undeterred, Ms. Tran called SPS again and was transferred to the SPS Ombudsman department. The Ombudsman representative gave her clear, explicit instructions: wire the money from the Reinstatement Quote, $73,021.54, to SPS and email proof of the wire. FAC ¶ 34; Tran Dec. ¶ 10. While documenting this run-around in real time, Ms. Tran received a dispositive email from CRC at 9:52 a.m. Despite being on actual notice of Plaintiff's imminent and conforming tender, CRC unilaterally declared in the email: "Your request has been reviewed and we will be proceeding to sale." FAC ¶ 37; Tran Dec. ¶ 13. (emphasis added).

### C. Plaintiff Tenders a Conforming Cure, Extinguishing the Trustee's Power of Sale Two Minutes Before the Auction.

Following the direct and unambiguous instructions of the SPS Ombudsman, the Beneficiary's agent, Ms. Nguyen, tendered the only amount she had been formally authorized to send by way of the Reinstatement Quote. At 10:22 a.m. on August 15, 2025, Ms. Tran initiated an irrevocable wire transfer for $73,021.54 to SPS. FAC ¶ 39, Ex. E.; Tran Dec. ¶ 14.

At 10:24 a.m., two minutes after Plaintiff's conforming tender had extinguished the default and CRC's power of sale, CRC nevertheless proceeded with the trustee's auction. FAC ¶ 40.

### D. Defendants Ratify the Void Sale and Refuse to Rescind.

Defendants were immediately notified of the pre-sale cure but refused to stop the auction. At 10:29 a.m., Ms. Tran emailed the SPS Ombudsman confirming the wire was sent. FAC ¶ 41. At 10:29:51 a.m., the SPS Ombudsman confirmed receipt of her email. FAC ¶ 42. At 10:49 a.m., Ms. Tran also directly notified the purported trustee, Defendant CRC, via email that "The money was wired." FAC ¶ 47(1).

4

MOTION FOR PRELIMINARY
INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

At 1:35 p.m. that same day, a representative at SPS informed CRC in writing that it had received the reinstatement funds. FAC ¶ 47(2). Despite possessing confirmed knowledge of the cure, CRC refused to exercise its statutory authority to rescind the sale under RCW 61.24.050(2) and instead wrongfully issued a Trustee's Deed Upon Sale, which was recorded on August 22, 2025. FAC ¶¶ 47(3)-(4), 48, Ex. G.

The subject property holds an admitted fair market value of $850,000. FAC ¶ 21. At the subsequent trustee's sale, Defendant Jaspal Jazz Singh purchased the property for a winning bid of only $510,500, which was precipitated by Ms. Nguyen's loan arrears of just $60,395.44. As a direct result, Ms. Nguyen faces the immediate loss of her home and the destruction of approximately $340,000 in home equity. FAC ¶ 50. Unless the Court restrains the Purchaser Defendants from initiating an eviction or otherwise transferring or encumbering the Property, Plaintiff's ability to recover title will be permanently extinguished.

### IV. ISSUES PRESENTED

1. Whether Plaintiff has established a clear legal right and a strong likelihood of success on the merits where undisputed evidence demonstrates that her pre-sale tender extinguished the trustee's authority, rendering the subsequent foreclosure sale void *ab initio*??\

2. Whether Ms. Nguyen will suffer immediate and irreparable harm, including wrongful eviction and the loss of her family home, if an injunction is not granted to prevent the Purchaser Defendants from initiating an unlawful detainer action based on a void deed?

3. Whether the balance of hardships tips sharply in Plaintiff's favor, where she faces the catastrophic and irreparable loss of her family home, while the Purchaser Defendants face only a temporary and compensable delay in realizing a profit from a transaction that is void as a matter of law?

MOTION FOR PRELIMINARY
INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

## V. ARGUMENT

To obtain a preliminary injunction, a plaintiff must establish: (1) a clear legal or equitable right; (2) a well-grounded fear of immediate invasion of that right; and (3) that the acts complained of are resulting in or will result in actual and substantial injury. *Kucera v. State, Dep't of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000). The court must also balance the relative interests of the parties and, where appropriate, the public interest. *Id.* (citing *Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982)). Plaintiff satisfies every element of this exacting standard.

### A. Plaintiff Is Highly Likely To Prevail on the Merits and Has Established a Clear Legal Right to Relief.

The central inquiry for establishing a "clear legal right" is the moving party's likelihood of prevailing on the merits. *Wash. Fed'n of State Emps., Council 28 v. State*, 99 Wn.2d 878, 888, 665 P.2d 1337 (1983). Plaintiff's right to relief is founded on dispositive evidence and the foundational principles of Washington's DTA.

#### 1. The Foreclosure Sale is Void Ab Initio For Lack of Statutory Authority.

The DTA must be strictly construed in favor of the borrower. *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 93, 285 P.3d 34 (2012). Under *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 568 (2012), a trustee's failure to strictly comply with the DTA's statutory prerequisites is a jurisdictional defect that renders a sale void *ab initio*. The trustee's power to sell is predicated on an existing default; when that default is cured, the power of sale is terminated. *Id.* at 567.

Here, SPS—the beneficiary's agent—waived the 11-day statutory cutoff by explicitly instructing Plaintiff, via its Ombudsman, to wire the reinstatement funds on the morning of the sale. Plaintiff's irrevocable wire transfer at 10:22 a.m. was a perfected cure. As of that moment, the default was legally extinguished. Therefore, when CRC proceeded with the auction at 10:24

6

MOTION FOR PRELIMINARY
INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

a.m., it acted without statutory authority. "Without statutory authority, any action taken is invalid." *Albice*, 174 Wn.2d at 568. The sale was void *ab initio*, and the resulting Trustee's Deed conveyed no title. As a void deed is a nullity, the Purchaser Defendants cannot claim protection as bona fide purchasers. *Id.*

### 2. Defendants Are Equitably Estopped From Challenging the Sufficiency of the Tender.

Defendants are equitably estopped from claiming the tender was insufficient. The SPS Ombudsman—an agent of the Beneficiary—gave Plaintiff a direct, unambiguous instruction to wire the $73,021.54. FAC ¶ 34. Plaintiff justifiably and detrimentally relied on this instruction. FAC ¶ 39. To allow Defendants to now repudiate that instruction would result in the catastrophic injury of Plaintiff losing her home. Under *Lybbert v. Grant Cnty.*, 141 Wn.2d 29, 38-39, 1 P.3d 1124 (2000), such conduct gives rise to equitable estoppel.

### 3. The Sale is Alternatively Voidable for the Trustee's Breach of Its Duty of Good Faith.

Even if the sale were not void, it is voidable and must be set aside in equity due to CRC's flagrant breach of its non-delegable duty of good faith. RCW 61.24.010(4). A foreclosure trustee is not merely an agent for the lender; it is a neutral third party with a fiduciary duty of good faith to both borrower and beneficiary. RCW 61.24.010(4); *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 790, 295 P.3d 1179 (2013). CRC's bad-faith "run-around" and its 9:52 a.m. declaration to "proceed to sale" despite knowing a tender was imminent (FAC ¶ 37) are dispositive evidence of its abdication of neutrality. This breach, combined with the grossly inadequate sale price—$510,500 for a property SPS valued at $850,000 (FAC ¶ 21)—provides a classic basis for a court to set aside the sale. *See Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985).

//

//

7

MOTION FOR PRELIMINARY
INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

4. **Plaintiff's Post-Sale Challenge Is Not Barred by the Waiver Provisions of RCW 61.24.127.**

The waiver doctrine of RCW 61.24.127(1) does not apply to a sale that is void *ab initio*. A sale is void when the trustee acts with a "complete lack of authority." *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 105, 297 P.3d 677 (2013). Washington courts have unequivocally held that the waiver statute does not apply where a sale is fundamentally invalid due to the trustee's lack of statutory authority. *See Patrick v. Wells Fargo Bank, NA*, 196 Wn. App. 398, 407, 385 P.3d 165 (2016); *Miller v. U.S. Bank, N.A.*, No. 78044-1-I, 2019 WL 5538186, at *5 (Wash. Ct. App. Oct. 28, 2019) (unpublished).[1] Because Plaintiff's pre-sale tender extinguished CRC's power to conduct the auction, the sale was void from its inception, and Plaintiff's right to quiet title remains fully preserved. Plaintiff Will Suffer Immediate and Irreparable Harm.

The loss of a home is the quintessential form of irreparable harm for which monetary damages are an inadequate remedy. *Tyler Pipe*, 96 Wn.2d at 793. Wrongful eviction is a profound and substantial injury. Furthermore, without an injunction, the Purchaser Defendants are free to convey the Property to a subsequent bona fide purchaser, which would likely extinguish Plaintiff's ability to quiet title and render any final judgment in her favor meaningless. This threat requires preventative relief.

B. **The Balance of Hardships and Public Interest Favors an Injunction.**

The balance of hardships tips decisively in Plaintiff's favor. The harm to Plaintiff—the permanent loss of her family home and hundreds of thousands of dollars in equity as well as the harm to her ability to ever rent a property and damage to her credit that will result from the initiation of an eviction proceeding—is catastrophic. In contrast, the harm to the Purchaser Defendants is purely monetary and temporary: a delay in realizing a profit from a purchase that

---

[1] A true and correct copy of this opinion is provided in the Appendix of Unpublished Authority filed concurrently herewith.

8

MOTION FOR PRELIMINARY
INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

is void. Their sole remedy upon invalidation is the return of their funds, with interest. RCW 61.24.050. The public has a profound interest in the integrity of the nonjudicial foreclosure process and in requiring trustees to adhere to their statutory duties. *Bain*, 175 Wn.2d at 93. Granting this injunction vindicates that critical public policy.

C. **The Security Requirement is Satisfied by Payments Into the Court Registry Pursuant to the Court's Explicit Authority Under RCW 61.24.130.**

Plaintiff respectfully submits that the security requirement of CR 65(c) is most justly and appropriately satisfied in this matter by an order requiring Plaintiff to make monthly payments into the Court registry. This proposal is fully authorized by the plain language of Washington's DTA and falls squarely within this Court's sound discretion. The controlling statute, RCW 61.24.130(1), grants this Court broad discretion to fashion a security arrangement, providing that security may be given "in such form and amount as the court deems proper."

Furthermore, the statute mandates that the Court "shall also take into consideration the grantor's equity in the property." RCW 61.24.130(1). Plaintiff's substantial equity (over $340,000) provides ample security for the enjoined parties, rendering a large cash bond unnecessary. The Washington Supreme Court has long affirmed that trial courts possess "wide discretion" in balancing the equities and fashioning the terms of injunctive relief. *See Tyler Pipe*, 96 Wn.2d at 792. Ordering monthly payments of $2,257.13 equal to the principal and interest portion of the underlying mortgage payment, the Court registry is a proper exercise of that discretion, as it directly mitigates any plausible harm to the Purchaser Defendants while honoring the DTA's protective purpose.

VI. **CONCLUSION**

For the foregoing reasons, Plaintiff Hat Nguyen respectfully requests that this Court grant her Motion and enter a Preliminary Injunction enjoining Defendants Jaspal Jazz Singh and Eastside Funding, LLC, their agents, and all persons acting in concert with them from: (1)

MOTION FOR PRELIMINARY INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

| 1 | initiating or prosecuting any unlawful detainer action against Plaintiff; and (2) selling, |
| 2 | transferring, conveying, or otherwise encumbering the Property during the pendency of this |
| 3 | litigation. |
| 4 | Pursuant to the Court's explicit discretion under RCW 61.24.130(1) and CR 65(c), and in |
| 5 | light of Plaintiff's substantial equity in the Property, Plaintiff proposes that the security for the |
| 6 | injunction be in the form of monthly payments into the Court registry, in an amount equal to the |
| 7 | principal and interest portion of the underlying mortgage payment, $2,257.13. |

Dated this 16th day of September 2025.

I certify that this memorandum contains 2,791 words, in compliance with the Local Civil Rules.

DEVLIN LAW FIRM LLC

s/ Christina L. Henry
Christina Henry, WSBA No. 31273
Attorney for Plaintiffs
6100 219th St SW
Ste 480, PMB 398
Mountlake Terrace, WA 98043-2222
Tel# 206-319-0077
chenry@devlinlawfirm.com

10

MOTION FOR PRELIMINARY
INJUNCTION

DEVLIN LAW FIRM
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010