UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAT NGUYEN,<br><br>                              Plaintiff(s),<br><br>          v.<br><br>CLEAR RECON CORP et al.,<br><br>                              Defendant(s). | CASE NO.<br>2:25−cv−01823−KKE<br><br>STANDING ORDER REGARDING 28 U.S.C. § 455(b)(2) AND CANON 3(C)(1)(B) OF THE CODE OF CONDUCT FOR UNITED STATES JUDGES |

The Court issues this Standing Order for purposes of compliance with 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges, which require disqualification of a judge where "a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter or ... has been a material witness."

The Court directs the parties to notify it if any lawyer at the below−listed law firms (including lawyers who subsequently departed the subject firm) served as a lawyer concerning the above−captioned matter, or concerning any materially related matter, during the below−listed dates:

- K&L Gates LLP (formerly Preston Gates & Ellis LLP) between May 1, 2006 and April 10, 2011

- Pacifica Law Group LLP between April 11, 2011 and July 14, 2023

If, to the best of the parties' knowledge, no lawyer at the above−listed firms served as counsel in this case or any materially related matter during the above−listed dates,

no response to this Standing Order is required.

If notice is required pursuant to this Standing Order, it shall be submitted to Diyana Staples, Courtroom Deputy, at Diyana_Staples@wawd.uscourts.gov within seven days of receipt of this Order. However, any defendant in a qui tam case may submit its notification within fourteen days of the later of (1) its appearance in the case or (2) the date that the operative complaint is unsealed. Any required notifications may also be filed with this Court under seal using the CM/ECF system.

Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on any parties who appear after this Order is filed. Such service shall be accomplished within ten days after each appearance. If this case was assigned to this Court after being removed from state court, the defendant(s) who removed the case must serve this Order on all other parties.

Dated this 25th day of September 2025.

Honorable Kymberly K. Evanson
United States District Judge

STANDING ORDER REGARDING 28 U.S.C. § 455(b)(2) AND CANON 3(C)(1)(B) OF THE CODE OF
CONDUCT FOR UNITED STATES JUDGES – 2