HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| Hat Nguyen,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Clear Recon Corp., a Washington State Corporation; Select Portfolio Servicing, Inc., a Utah Corporation; U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of theWashington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9; Jaspal Jazz Singh, an Individual; Eastside Funding, LLC, a Washington Limited Liability Company; and John and Jane Does 1-10,<br><br>　　　　Defendants. | No. 2:25-cv-01823-KKE<br><br>DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS<br><br>Noted for hearing on November 18, 2025 without oral argument |

## I.     RELIEF REQUESTED

Defendants, Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9 (the "Trust") (collectively, "Moving Defendants"), respectfully request that the Court dismiss Plaintiff's claims pursuant to FRCP 12(b)(6). This case arises from Borrower Duan Van Tran's default on the subject mortgage loan in June of 2023 and the Trustee's Sale of the subject

property on August 15, 2025. Plaintiff, Borrower's widow, asserts claims for the following: violation of Washington's Consumer Protection Act ("CPA"); a declaration setting aside the Trustee's Sale and quieting title to the property in Plaintiff's name; violation of the Real Estate Settlement Procedures Act ("RESPA"); and for violation of the Fair Debt Collection Practices Act ("FDCPA"). However, Plaintiff cannot prevail on her claims because she does not, and cannot, dispute that the loan was in default, she did not cure the default by August 4, 2025 as required to discontinue the Trustee's Sale under RCW 61.24.090(1), and that SPS never waived the requirements under RCW 61.24.090(1). Further, Plaintiff did not move to restrain the Trustee's Sale prior to the Sale and as a result, she is limited to monetary damages and cannot void the Sale as a matter of law. *See* RCW 61.24.127(2)(b), (c).

## II.      STATEMENT OF FACTS

### A.      The Subject Mortgage Loan and Default

On or about August 9, 2005, Borrower Dua Van Tran ("Mr. Tran") obtained a $436,800 mortgage loan (the "Loan") from American Mortgage Network, Inc. ("American Mortgage"). *See Sagara Dec*., ¶ 3, Ex. A.[1] To secure the loan, Mr. Tran and Hat Nguyen ("Plaintiff") executed a Deed of Trust ("DOT"), which encumbered the property at 30007 188th Avenue Southeast, Kent, Washington 98042 (the "Property"). *Id*.

The Loan went into default after the June 1, 2023 monthly payment was missed. *Id*., ¶ 4, Ex B, at ¶ IV. At the time of the default, the Trust was the owner of the Loan and SPS was its servicer and attorney-in-fact. *Id*., ¶ 5, 6, Exs. C, D. Because the default was not cured, SPS referred the Loan to foreclosure. *See id*., ¶ 4, Ex. B.

### B.      The August 15, 2025 Trustee's Sale

On April 4, 2025, the Trustee under the DOT, Clear Recon Corp ("Clear Recon"), recorded a Notice of Trustee's Sale ("NOTS"). *Id*. The NOTS stated that a Notice of Default

---

[1] Moving Defendants request that the Court take judicial notice of the publicly recorded documents attached as Exs. A – F pursuant to FRE 201.

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

had been served on the Borrower on October 15, 2024, provided the total default amount of $60,395.44 at that time, and set the Trustee's Sale for August 15, 2025, at 10:00 a.m. PST. *Id*. Further, the NOTS specifically stated:

> …The sale will be discontinued and terminated **if at any time prior before 8/4/25 (11 days before the sale**) the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid.

*Id*., at ¶ V (emphasis added).

The Estate did not cure the default per the requirements set forth in the NOTS and RCW 61.24.090(1). *See id*., ¶ 7, Ex. E; Dkt No. 43, at 6: 7-9. No amount was paid on the Loan by August 4, 2025. *Id*.

Instead, on or about August 11, 2025, *one week after the statutory deadline to cure*, Julie Tran, Mr. Tran's daughter, requested a reinstatement quote from SPS. Dkt No 43, at 6: 7-9. On August 11, 2025, SPS provided a reinstatement quote through August 14, 2025. *Id*., at Ex. C.

On August 15, 2025, after the Trustee's Sale was completed and Jaspal Singh ("Mr. Singh") purchased the Property with a $510,500 bid, SPS received wired funds from Ms. Tran. *See* Dkt No. 43, at 13: 21-24; *Sagara Dec*., ¶ 7, Ex. E, at ¶ 10. SPS notified the Trustee of the wired funds that were received after the Trustee's Sale and SPS further advised the Trustee that SPS would return the funds. *See* Dkt No. 43, at 13: 21-24.

On August 22, 2025, the Trustee's Deed was recorded under King County Instrument No. 20050822000885. *Sagara Dec*., ¶ 7, Ex. E.

**C.      Plaintiff's Second Amended Complaint**

Plaintiff initiated the present removed action on September 11, 2025. Dkt No. 1-1. On October 1, 2025, Plaintiff filed a Second Amended Complaint ("Amended Complaint"). Dkt No. 43. Plaintiff's Amended Complaint includes claims for 1) violation of the CPA against SPS and Clear Recon; 2) declaratory relief to set aside the Trustee's Sale and quiet title to the

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Property against all Defendants; 3) violations of 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(C) under RESPA against SPS; and 4) violation of 15 U.S.C. § 1692f(6)(A) under the FDCPA against Clear Recon. *Id*.

### III.    STATEMENT OF ISSUES

Whether the Court should dismiss the present action under FRCP 12(b)(6).

### IV.    EVIDENCE RELIED UPON

A.    Declaration of Midori R. Sagara; and

B.    The pleadings and records filed in this action.

### V.    ARGUMENT

**A.    FRCP 12(b)(6)**

When considering a motion to dismiss pursuant to FRCP 12(b)(6), a court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well plead allegations of material fact as true and draw all reasonable inferences in favor of the non-moving party. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

However, the court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citation omitted). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under FRCP 12(b)(6). *Id*. A complaint does not survive where "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted).

In deciding a motion to dismiss, a court may consider the pleadings, documents attached to the pleadings, documents that are judicially noticed, and documents that the pleadings incorporate by reference. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 4

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

**B.    Plaintiff's CPA Claim Fails Because She Did Not Cure the Default and Pay the Trustee's Fees Pursuant to RCW 61.24.090(1).**

**1.    Plaintiff Cannot Establish "an Unfair or Deceptive Act or Practice" Because She Did Not Cure the Default and Pay the Trustee's Feed by August 4, 2025.**

To prevail on a CPA claim, a plaintiff is required to show (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) impacting the public interest, (4) causing injury to the plaintiff's business or property and (5) the injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Failure to satisfy any one element is fatal to the CPA claim, and harm must be established. *See id*.

In the present matter, Plaintiff alleges that SPS and CRC violated the CPA by providing a reinstatement quote good through August 14, 2025, refusing to discontinue the Trustee's Sale on the morning of August 15, 2025, and refusing to accept the wired funds received after the Trustee's Sale and to reverse the Sale. *See* Dkt No. 43, at 15: 15-18; 16: 11-12, 18-26. However, Plaintiff cannot establish "an unfair or deceptive act or practice" based on these allegations because SPS and Clear Recon were not obligated to discontinue or reverse the Trustee's Sale under RCW 61.24.090(1). Without the first element of a CPA claim, Plaintiff cannot establish the remaining elements.

RCW 61.24.090(1) states:

> 1) At any time **prior to the eleventh day before the date set by the trustee for the sale in the recorded notice of sale**, or in the event the trustee continues the sale pursuant to *RCW 61.24.040(6), at any time **prior to the eleventh day before the actual sale**, the borrower, grantor, any guarantor, any beneficiary under a subordinate deed of trust, or any person having a subordinate lien or encumbrance of record on the trust property or any part thereof, shall be entitled to cause a discontinuance of the sale proceedings by curing the default or defaults set forth in the notice, which in the case of a default by failure to pay, shall be by paying to the trustee:

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 5

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

(a) The entire amount then due under the terms of the deed of trust and the obligation secured thereby, other than such portion of the principal as would not then be due had no default occurred, and

(b) The expenses actually incurred by the trustee enforcing the terms of the note and deed of trust, including a reasonable trustee's fee, together with the trustee's reasonable attorney's fees, together with costs of recording the notice of discontinuance of notice of trustee's sale.

RCW 61.24.090(1) (emphasis added).

Under this statute, Plaintiff had the option to discontinue the Trustee's Sale by curing the default and paying the Trustee's fees only until eleven days prior to the Trustee's Sale, or by August 4, 2025. The NOTS specifically provided the August 4, 2025 deadline for Plaintiff to cure the default and pay the Trustee's fees. *Sagara Dec.*, ¶ 4, Ex. B, at ¶ V. Despite the clear language in the NOTS and the statute, the Estate did not tender any amount, or even advise it wished to tender any amount, by August 4, 2025. *See* Dkt No. 43. Instead, Ms. Tran waited until on or about August 11, 2025, *one week after the statutory deadline*, to even request a reinstatement quote. Dkt No 43, at 6: 7-9, Ex. C. Regardless of Ms. Tran's communications with SPS and Clear Recon on the morning of the August 15, 2025 Trustee's Sale, and the wired funds received after the Sale, the Trust and Clear Recon were under no statutory or contractual obligation, no legal obligation whatsoever, to discontinue or reverse the Sale.

Plaintiff's Amended Complaint presumes that a Trustee's Sale must be discontinued if a default is cured up until one second before the time of the Sale (which did not in fact happen in the present matter, as SPS received Ms. Tran's wired funds after the Sale). *See* Dkt No. 43. However, Plaintiff's presumption is contrary to RCW 61.24.090(1) and the rules of statutory interpretation. Review always begins with the plain language of the statute. *Restaurant Development, Inc. v. Cananwill, Inc*., 150 Wn.2d 674, 682, 80 P.3d 598 (2003) (citation omitted). In determining the plain meaning of a statute, a court may look to "'all that the Legislature has said in the statute and related statutes which disclose legislative intent about the

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 6

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

provision in question.'" *Id*. A court also must construe statutes such that all of the language is given effect, and "'no portion [is] rendered meaningless or superfluous.'" *Id*.; *see also Rodriguez v. Sony Computer Entertainment America, LLC*, 801 F.3d 1045, 1051 (9th Cir. 2015) ("Courts 'must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.'") (citation omitted).

If, as Plaintiff presumes, the Trustee's Sale should have been discontinued because Ms. Tran advised the morning of the Sale that she "wished" to cure the default, then RCW 61.24.090(1), which provides the deadline to cure the default and pay the Trustee's fees of eleven days prior to a sale, would be "rendered meaningless or superfluous." *See id*. Plaintiff's improper interpretation of the Deeds of Trust Act should be rejected and her CPA claim dismissed.

### 2. Plaintiff Fails to Establish Waiver of the Requirements Under RCW 61.24.090(1).

Waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. *Dombrosky v. Farmers Ins. Co*., 84 Wn. App. 245, 255, 928 P.2d 1127 (1996), *review denied*, 131 Wn.2d 1018, 936 P.2d 417 (1997) (citation omitted). Waiver may result from an express agreement, or be inferred from circumstances indicating an intent to waive. *Id*.

Waiver is essentially a matter of intention. *Id*. Negligence, oversight or thoughtlessness does not create it. *Id*. To constitute a waiver other than by express agreement, there must be unequivocal acts or conduct evincing an intent to waive; intent cannot be inferred from doubtful or ambiguous factors. *Wagner v. Wagner*, 95 Wn.2d 94, 102, 621 P.2d 1279 (1980).

The intention to relinquish the right or advantage must be proved, and the burden is on the party claiming waiver. *Dombrosky*, 84 Wn. App. at 255.

Nowhere in the Amended Complaint does Plaintiff allege that the Trust, SPS or Clear Recon specifically advised Ms. Tran that if she tendered reinstatement funds after the August 4, 2025 statutory deadline, the Trustee's Sale would be discontinued or reversed. *See* Dkt No. 43. Instead, on August 15, 2025, at 9:52 a.m. PST, Clear Recon advised Ms. Tran, "Your request has been reviewed and we will be proceeding to sale." *Id*., at Ex. E, at 2. Plaintiff further alleges that Clear Recon's counsel "admitted that at 1:35 pm, the day of the sale, "SPS notified CRC of funds and that they were being returned."" *Id*., at 13: 22-24. Based on Plaintiff's own allegations, there was no "unequivocal acts or conduct" by the Trust, SPS or Clear Recon that would constitute waiver of the requirements under RCW 61.24.090(1).

**C.    Plaintiff Cannot Unwind the Trustee's Sale and Quiet Title to the Property as a Matter of Law.**

   **1.    Plaintiff Cannot Obtain Equitable Relief Because She Did Not Move to Enjoin the Trustee's Sale Before the Sale.**

RCW 61.24.127 states in pertinent part:

> (1) The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting:
> (a) Common law fraud or misrepresentation;
> (b) A violation of Title 19 RCW;
> (c) Failure of the trustee to materially comply with the provisions of this chapter; or
> (d) A violation of RCW 61.24.026.
> (2) The nonwaived claims listed under subsection (1) of this section are subject to the following limitations:
> (a) The claim must be asserted or brought within two years from the date of the foreclosure sale or within the applicable statute of limitations for such claim, whichever expires earlier;
> (b) The claim may not seek any remedy at law or in equity other than monetary damages;
> (c) **The claim may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property;**
> …

RCW 61.24.127 (emphasis added).

Under the above statute, because Plaintiff did not move to enjoin the Trustee's Sale prior to the Sale, she is now limited to monetary damages if she were able to establish any of her claims (which she cannot). Specifically, Plaintiff cannot obtain declaratory relief to unwind the Sale or quiet title to the Property.

### 2. Even if Plaintiff Could Obtain Equitable Relief, Plaintiff Cannot Prevail on the Strength of Her Own Title.

RCW 7.28.010 governs quiet title and cloud of title claims in Washington. "RCW 7.28.010 requires that a person seeking to quiet title establish a valid subsisting interest in property and a right to possession thereof." *Wash. Sec. & Inv. Corp. v. Horse Heaven Heights, Inc.*, 132 Wn. App. 188, 195, 130 P.3d 880 (2006). "[P]laintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title, and not on the weakness of the title of his adversary." *Wash. State Grange v. Brandt*, 136 Wn. App. 138, 153, 148 P.3d 1069 (2006) (*quoting City of Centralia v. Miller*, 31 Wn.2d 417, 422, 197 P.2d 244 (1948)).

Accordingly, to "maintain a quiet title action against a mortgagee, a plaintiff must first pay the outstanding debt on which the subject mortgage is based." *Kwai Ling Chan v. Chase Home Loans Inc.*, C 12–0273JL R, 2012 WL 1252649, *9 (W.D. Wash. Apr. 13, 2012); *see also Evans v. BAC Home Loans Servicing, LP*, No. C10–0656RSM, 2010 WL 5138394, *3 (W.D. Wash. Dec. 10, 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust.").

In this matter, Plaintiff does not, and cannot, assert that she has paid the Loan in full. *See* Dkt No. 43. As such, Plaintiff could not prevail on a quiet title claim even if it was not barred under RCW 61.24.127.

### D. Plaintiff's RESPA Claim Fails.

Plaintiff alleges that Ms. Tran's communications with SPS the morning of the August 15, 2025 Trustee's Sale "constituted a "notice of error" under 12 C.F.R. § 1024.35" and "SPS

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 9

was obligated under 12 C.F.R. § 1024.35(e) to conduct a reasonable investigation and take corrective action." Dkt No. 43, at 23: 23-25; 24: 6-8.

The only categories of "covered errors" under 12 C.F.R. § 1024.35 that relate to foreclosure are 12 C.F.R. § 1024.35(b)(9) and (b)(10). *See* 12 C.F.R. § 1024.35(b)(9), (b)(10). However, under 12 C.F.R. § 1024.35(f)(2), "[a] servicer is not required to comply with the requirements of paragraphs (d) and (e) of this section for errors asserted under paragraph (b)(9) or (10) of this section if the servicer receives the applicable notice of an error seven or fewer days before a foreclosure sale." In other words, if a servicer receive a notice of error relating to foreclosure seven or fewer days before a foreclosure sale, the servicer is not obligated to comply with the investigation and response requirements outlined in 12 C.F.R. § 1024.35(d) and (e). *See* 12 C.F.R. § 1024.35(f)(2).

In this matter, Ms. Tran made the alleged "notice of error" to SPS on the morning of the August 15, 2025 Trustee's Sale. *See* Dkt No. 43, at 23: 20-24. Even assuming that the "notice of error" was properly submitted under 12 C.F.R. § 1024.35, because it was made the day of the Trustee's Sale, or "seven or fewer days before a foreclosure sale," SPS was not obligated to comply with12 C.F.R. § 1024.35(d) and (e). 12 C.F.R. § 1024.35(f)(2).

Presumably to avoid the exemptions provided for in 12 C.F.R. § 1024.35(f)(2), Plaintiff also references 12 C.F.R. § 1024.35(b)(11) as a category of "covered errors." *See* Dkt No. 43, at 23: 24-25. However, 12 C.F.R. § 1024.35(b)(11) relates to "[a]ny other error relating to the servicing of a borrower's mortgage loan." However, "servicing" under 12 C.F.R. § 1024.2 "means receiving any **scheduled periodic payments** from a borrower pursuant to the terms of any federally related mortgage loan, including amounts for escrow accounts under section 10 of RESPA (12 U.S.C. 2609), and making the payments to the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract." 12 C.F.R. § 1024.2 (emphasis added). Given the plain

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 10

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

language of the definition of "servicing," Ms. Tran's communications with SPS on the morning of August 15, 2025 did not relate to the "scheduled periodic payments" on the Loan. Rather, Ms. Tran's communications with SPS that morning were aimed at attempting to discontinue the Trustee's Sale after the deadline by making a late lump sum wire transfer, which would more appropriately fall under the foreclosure related categories of 12 C.F.R. § 1024.35(b)(9) and (b)(10). Plaintiff's RESPA claim should be dismissed.

**E.      Plaintiff's FDCPA Claim Fails.**

Plaintiff alleges that Clear Recon violated 15 U.S.C. § 1692f(6)(A) by proceeding with the August 15, 2025 Trustee's Sale. Dkt No. 43, at 27: 23-25. 15 U.S.C. § 1692f(6)(A) prohibits a debt collector from the following:

> (6)Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
> > (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

However, SPS was entitled to proceed with the August 15, 2025 Trustee's Sale under the terms of the DOT because of the default, which was not cured by August 4, 2025. Nowhere in the Amended Complaint does Plaintiff deny that the Loan was in default or allege that Plaintiff cured the default by August 4, 2025 as required by the NOTS and RCW 61.24.090(1). *See* Dkt No. 43. Clear Recon therefore could not have violated 15 U.S.C. § 1692f(6)(A).

**F.      Amendment Would be Futile.**

A court may deny leave to amend "where the amendment would be futile...or where the amended complaint would be subject to dismissal." *Puget Soundkeeper Alliance v. APM Terminals Tacoma LLC*, 545 F.Supp.3d 893, 896 (W.D. Wash. 2021) (citation omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id*.

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 11

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

The dispositive facts in this matter are that the Loan was in default under the terms of the DOT, and that Plaintiff did not cure the default by August 4, 2025 as required by the NOTS and RCW 61.24.090(1). No amendment will change these facts and therefore any further amendment would be futile. Plaintiff cannot prevail on her claims as a matter of law.

**VI.   CONCLUSION**

Given the above, the Court should dismiss Plaintiff's claims with prejudice.

I certify that this memorandum contains 3,977 words, in compliance with the Local Civil Rules.

Dated: October 21, 2025          BUCHALTER

By: */s Midori R. Sagara*
Midori R. Sagara, WSBA #39626
msagara@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA  98101-1337
Telephone: 206.319.7052

*Attorneys for Defendants Select Portfolio Servicing, Inc. and U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9*

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 12

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2025, I caused to be served a copy of the foregoing DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS on the following person in the manner indicated below at the following address(es):

| | |
|---|---|
| ***Counsel for Plaintiffs***<br>Christina Henry, WSBA #31273<br>Devlin Law Firm LLC<br>6100 219th St. SW<br>Ste. 480, PMB 398<br>Mountlake Terrace, WA 98043-222<br>chenry@devlinlawfirm.com<br>PH: 206-319-0077 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |
| ***Counsel for Defendant Clear Recon Corp***<br>Kimberly Hood, WSBA #42903<br>Aldridge Pite, LLP<br>9311 SE 36th Street, Ste. 207<br>Mercer Island, WA 98040<br>khood@aldridgepite.com<br>PH: 858-750-7600<br>FX: 619-590-1385 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |
| ***Counsel for Defendant Jaspal Jazz Singh***<br>Seth S. Goodstein, WSBA #45091<br>ROI Law Firm PLLC<br>1302 N I Street, Ste. C<br>Tacoma, WA 98403<br>sethg@roilawfirm.com<br>PH: 253-753-1530<br>FX: 253-753-1532 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |
| ***Counsel for Defendant Eastside Funding, LLC***<br>Samuel M. Meyler, WSBA #39471<br>Reed Longyear Malnat Corwin & Burnett PLLC<br>801 Second Avenue, Ste. 1415<br>Seattle, WA 98104<br>smeyler@reedlongyearlaw.com<br>PH: 206-624-6271<br>FX: 206-624-6672 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |

By: *s/Cynthia Daniel*_____
Cynthia Daniel, Legal Assistant
cdaniel@buchalter.com

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S MOTION TO DISMISS - 13

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052