HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| Hat Nguyen,<br><br>              Plaintiff,<br><br>      v.<br><br>Clear Recon Corp., a Washington State Corporation; Select Portfolio Servicing, Inc., a Utah Corporation; U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of theWashington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9; Jaspal Jazz Singh, an Individual; Eastside Funding, LLC, a Washington Limited Liability Company; and John and Jane Does 1-10,<br><br>              Defendants. | No. 2:25-cv-01823-KKE<br><br>DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS<br><br>Noted for hearing on November 18, 2025 without oral argument |

## I.      INTRODUCTION

Plaintiff initially argued that a borrower can cure the default up to the minute before the Trustee's Sale to render the Sale void. *See* Dkt No. 43, at 9: 21 – 10: 5. In her Response, Plaintiff extends her claimed deadline to cure and argues that a borrower can cure up to the minute before the Trustee's Deed is delivered, and render the Trustee's Sale void. Dkt No. 55, at 5: 12-14. Both of Plaintiff's arguments are unsupported by the DTA or any other pertinent authority. Pursuant to RCW 61.24.090(1), Plaintiff was required to cure the default and pay the Trustee's

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

fees by August 4, 2025 to discontinue the August 15, 2025 Trustee's Sale; Plaintiff failed to comply with RCW 61.24.090(1); and Plaintiff cannot establish that SPS waived the statutory deadline to cure under RCW 61.24.090(1). As a result, Plaintiff's claims should be dismissed under FRCP 12(b)(6).

## II.    ARGUMENT

**A.    Plaintiff's Claim That Clear Recon Lacked Authority to Deliver the Trustee's Deed to the Purchaser is Unsupported.**

Plaintiff argues that because Ms. Tran wired funds before the Trustee's Deed was delivered (but after the Trustee's Sale occurred), Clear Recon lacked authority to convey title to the purchaser at the Trustee's Sale, Mr. Singh. Dkt No. 55, at 5: 12-14. However, Plaintiff cites no DTA provision or analogous case to support this proposition. *See* Dkt No. 55. There is no pertinent authority for Plaintiff's argument. Instead, the DTA states, "at any time prior to the eleventh day before the **actual sale**, the borrower…**shall** be entitled to cause a discontinuance of the sale proceedings by curing the default or defaults set forth in the notice,…" RCW 61.24.090(1) (emphasis added). Based on the clear language of RCW 61.24.090(1), including the mandatory "shall," had Plaintiff cured the default by August 4, 2025, Clear Recon would have lacked the authority to proceed with the August 15, 2025 Trustee's Sale. In contrast, RCW 61.24.050(2)(a) states, "Up to the eleventh day following the trustee's sale, the trustee, beneficiary, or authorized agent for the beneficiary **may** declare the trustee's sale and trustee's deed void" for three reasons, one of which is that "the beneficiary had accepted funds that fully reinstated or satisfied the loan **even if the beneficiary or authorized agent for the beneficiary had no legal duty to do so**. RCW 61.24.050(2)(a)(iii) (emphasis added). RCW 61.24.050(2)(a)(iii) is clear that after the Trustee's Sale, the beneficiary has the discretion to decide whether to accept funds to reinstate the loan and declare the Trustee's Sale and Trustee's Deed void, but that the beneficiary is under no legal obligation to accept reinstatement funds and void the Sale and Deed. Because SPS received the wired

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

funds after August 4, 2025,[1] SPS was not required to reinstate the loan and cause the Trustee's Sale to be rescinded under RCW 61.24.050(3) and (4). SPS rightly exercised its discretion to reject the wired funds and let the Trustee's Deed be recorded. *See* RCW 61.24.050(2)(a).

The three bankruptcy cases cited by Plaintiff, *In re Lopez*, *In re Betchan* and *In re Nelson*, have no bearing on this matter and certainly do not support Plaintiff's argument that Clear Recon did not have authority to deliver the Trustee's Deed to the purchaser. *In re Lopez*, 596 B.R. 371 (Bankr. E.D. Wash. 2019); *In re Betchan,* 524 B.R. 830 (Bankr. E.D. Wash. 2015); *In re Nelson,* No. 16–44597, 2017 WL 745595 (Bankr. W.D. Wash. Feb. 14, 2017). *Lopez*, *Betchan* and *Nelson* stand for the proposition that if a borrower files for bankruptcy relief post-sale and the Trustee's Deed has not yet been delivered, the automatic bankruptcy stay applies and precludes delivery of the Trustee's Deed until the stay is lifted. *See id*. In the bankruptcy context, the automatic stay applies because the borrower's interest in the property is not fully extinguished until the Trustee's Deed is delivered. *Id*. The DTA is not inconsistent with the proposition in *Lopez*, *Betchan* and *Nelson*. The DTA defines more specifically the rights of the borrower and beneficiary in the foreclosure process and controls the present matter, over the holdings in *Lopez*, *Betchan* and *Nelson*, in which no bankruptcy was filed.

Plaintiff's argument that Clear Recon lacked authority to deliver the Trustee's Deed is unsupported because not only did SPS elect in its discretion to reject the wired funds, SPS did not waive the statutory deadline to cure under RCW 61.24.090(1).

**B.      Plaintiff's Alleged Statement of Waiver is Incomplete and Deficient.**

It is undisputed that Plaintiff did not cure the default by August 4, 2025 in order to discontinue the August 15, 2025 Trustee's Sale under RCW 61.24.090(1). Nowhere in

---

[1] Plaintiff also argues that Ms. Tran wired the funds just before the Trustee's Sale was called and under the UCC, SPS received the funds at virtually the same time as the tender. Dkt No. 55, at 10: 6-15. This argument fails to consider that SPS is in Utah and on Mountain Standard Time, one hour later than in Washington where Ms. Tran wired the funds.

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS - 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Plaintiff's Amended Complaint is there any allegation that SPS agreed to extend Plaintiff's deadline until any second before the Trustee's Sale or post-sale. *See* Dkt No. 43. The sole basis for Plaintiff's alleged waiver of rights is her allegation that on the morning of August 15, 2025, prior to the Trustee's Sale being called, "The SPS Ombudsman representative gave Ms. Tran explicit instructions: wire the money, take a picture of the wire confirmation, and email the proof of the wire to the SPS Ombudsman department at ombudsman@spservicing.com." Dkt No. 43, at 8: 24-27 (¶ 35); Dkt No. 55, at 7: 24 – 8: 4. Notably absent from Plaintiff's carefully crafted alleged waiver statement is any promise from SPS that SPS was extending the reinstatement period to any second prior to the Trustee's Sale, or that SPS would exercise its discretion post-sale to declare the Sale void. Plaintiff asks the Court to find that a promise or agreement occurred without an allegation of express agreement by SPS, or alleged conduct that clearly indicates SPS intended to waive the statutory deadline to cure. *Id*. Waiver requires more clarity or specificity than what Plaintiff alleges. *See Wagner v. Wagner*, 95 Wn.2d 94, 102, 621 P.2d 1279 (1980) ("To constitute a waiver other than by express agreement, there must be **unequivocal** acts or conduct evincing an intent to waive; intent cannot be inferred from doubtful or ambiguous factors.") (emphasis added). SPS did not take any action consistent with waiver. SPS did not provide a reinstatement quote through and including the date of the Trustee's Sale, send Ms. Tran any written confirmation of the alleged waiver, or instruct Clear Recon to not call the Sale on August 15, 2025.

**C.     Plaintiff is Limited to Monetary Damages Should Any of Her Claims Survive.**

In the event that any of Plaintiff's claims survive, Plaintiff argues that the post-sale limitation on remedies under RCW 61.24.127 does not apply to trustee sales that are "void," as opposed to "voidable." Dkt No. 55, at 12: 4-5. Again, Plaintiff cites no pertinent authority for this argument. *See id*. Under the waiver provision set forth in RCW 61.24.040(1)(f)(IX), a waiver of a post-sale contest to a trustee sale occurs when "a party (1) received notice of the

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 4

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Plein v. Lackey*, 149 Wn.2d 214, 229, 67 P.3d 1061 (2003) (citations omitted). "Adequate remedies to prevent wrongful foreclosure exist in the presale remedies, and finding waiver in these circumstances furthers the goals of providing an efficient and inexpensive foreclosure process and promoting the stability of land titles." *Id*.

Here, the waiver elements set forth in RCW 61.24.040(1)(f)(IX) are each satisfied. *See id*. First, Plaintiff does not, and cannot, dispute receiving the April 3, 2025 Notice of Trustee's Sale, which included the language, "Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale." *See* Dkt No. 55; Dkt No. 51-2, at § IX.

Second, Plaintiff alleges that her issues with SPS began on June 11, 2025, *over two months before* the August 15, 2025 Trustee's Sale, when her loan modification application was denied. Dkt No. 55, at 5: 21 – 6: 3. She further alleges that SPS did not respond to her July 23, 2025 email "seeking to discuss options." *Id*., at 6: 3-6. Plaintiff alleges "a further act of misdirection" when she contacted SPS on August 11, 2025 to request a reinstatement quote and then received a reinstatement quote, dated August 11, 2025, through only August 14, 2025. *Id*., at 6: 7-9, 23-27. Thus, based on her own allegations, Plaintiff knew about the grounds on which she is now attempting to challenge the Trustee Sale and chose to sit on her hands.

Third, it is indisputable that Plaintiff did not move to enjoin the Trustee's Sale prior to the Sale. Plaintiff's allegations support that she could have moved to enjoin the Trustee's Sale anytime in the two months leading up to the Sale, but she failed to do so. Plaintiff provides no explanation for why she did not "bring a lawsuit to restrain the sale pursuant to RCW

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS - 5

61.24.130" despite the clear advisement in the Notice of Trustee's Sale and sufficient time under the Court Rules to complete the necessary filings. Dkt No. 55; Dkt No. 51-2, at § IX.

**D.    Plaintiff Fails to Establish a Compensable Injury Under the CPA.**

To prevail on a CPA claim, a plaintiff is required to show (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) impacting the public interest, (4) causing injury to the plaintiff's business or property and (5) **the injury is causally linked to the unfair or deceptive act**. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780, 719 P.2d 531 (1986) (emphasis added). Not only does Plaintiff fail to establish an unfair or deceptive act/practice, as outlined in the Motion to Dismiss, Plaintiff also fails to establish an injury causally linked to an unfair or deceptive act/practice. *See* Dkt No. 50.

In her Response, Plaintiff claims her "[p]rimary injury is the wrongful foreclosure of her home and the resulting loss of hundreds of thousands of dollars in home equity." Dkt No. 55, at 16: 11-12. However, Plaintiff's claimed "primary injury," the Trustee's Sale, was proximately caused by Plaintiff's default, and her failure to cure the default and pay the Trustee's fees by August 4, 2025 as required under RCW 61.24.090(1). Plaintiff also alleges injury by "the costs incurred investigating and attempting to resolve the servicer's errors" by "Plaintiff's agent." *Id*., at 16: 15-16. However, consulting an attorney to institute a CPA claim is not a compensable injury under the CPA. *Demopolis v. Galvin*, 57 Wn. App. 47, 54, 786 P.2d 804 (1990) (litigation expenses incurred to institute CPA counterclaim does not constitute injury). Plaintiff does not allege that her investigation and attempt to resolve her dispute with SPS took time away from her own business, which would be compensable under the CPA. *See Sign–O–Lite v. DeLaurenti Florists, Inc*., 64 Wn. App. 553, 564-65, 825 P.2d 714 (1992) (loss of business profits resulting from time spent embroiled in disputing improper payment demand constitutes injury). Plaintiff fails to establish three elements of her CPA claim.

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS - 6

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

**E.    None of Plaintiff's Alleged Notices of Error Triggered the Procedures Outlined in 12 CFR § 1024.35 and as a Result, Her RESPA Claim Fails.**

Plaintiff adds an alleged post-sale notice of error because she knows that in regard to her alleged pre-sale notices of error, SPS was not obligated to comply with the investigation and response requirements outlined in 12 C.F.R. § 1024.35. *See* 12 C.F.R. § 1024.35(f)(2); Dkt No. 55, at 18: 2-4. Regardless of whether the alleged notices of error were pre or post sale, they all failed to trigger the error resolution procedures under 12 CFR § 1024.35. 12 CFR § 1024.35(c) provides that "[a] servicer may, by written notice provided to a borrower, establish an address that a borrower **must use** to submit a notice of error in accordance with the procedures in this section. The notice shall include a statement that the borrower must use the established address to assert an error…." 12 CFR § 1024.35(c) (emphasis added). All of SPS' monthly mortgage statements to Plaintiff included the following sections:

> **Important Mailing Addresses**…
>
> …
> Notice of Error or
> Information Request or
> Qualified Written Request
> Select Portfolio Servicing, Inc.
> P.O. Box 65277
> Salt Lake City, UT 84165
> Fax: (801) 270-7856
>
> **<u>NOTICE OF ERROR OR INFORMATION REQUEST OR QUALIFIED WRITTEN REQUEST</u>** If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent to the address listed above in the important mailing addresses section, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal Law.

Dkt No. 43, at Ex. H, at 3.

None of Plaintiff's alleged notices of error were sent to the address SPS designated for notices of error. As a result, none of Plaintiff's alleged notices in fact qualified as notices of

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS - 7

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

error under 12 CFR § 1024.35 or triggered the resolution procedures under that federal regulation. Plaintiff's RESPA claim must be dismissed.

**F.      Plaintiff's FDCPA Fails.**

Plaintiff argues that the Moving Defendants lack standing to dismiss Plaintiff's FDCPA claim because Plaintiff strategically asserts that claim only against Clear Recon. Dkt No. 55, at 19: 4-9. Plaintiff's cited California case does not in fact support her standing argument. *See id*. Plaintiff also highlights the "present right to possession" in 15 U.S.C. § 1692f(6)(A) and argues that because SPS waived the statutory deadline under RCW 61.24.090(1), Clear Recon violated 15 U.S.C. § 1692f(6)(A). However, as outlined in § II(B) above, Plaintiff's allegations fail to establish waiver. *See Wagner*, 95 Wn.2d at 102 ("To constitute a waiver other than by express agreement, there must be unequivocal acts or conduct evincing an intent to waive; intent cannot be inferred from doubtful or ambiguous factors.").

### III.      CONCLUSION

The Court should dismiss Plaintiff's claims with prejudice.

I certify that this memorandum contains 2,780 words, in compliance with the Local Civil Rules.

Dated: November 18, 2025          BUCHALTER

By: */s Midori R. Sagara*
　　Midori R. Sagara, WSBA #39626

*Attorneys for Defendants Select Portfolio Servicing, Inc. and U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9*

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 8

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I caused to be served a copy of the foregoing DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS on the following person in the manner indicated below at the following address(es):

| | |
|---|---|
| ***Counsel for Plaintiffs***<br>Christina Henry, WSBA #31273<br>Devlin Law Firm LLC<br>6100 219th St. SW<br>Ste. 480, PMB 398<br>Mountlake Terrace, WA 98043-222<br>chenry@devlinlawfirm.com<br>PH: 206-319-0077 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |
| ***Counsel for Defendant Clear Recon Corp***<br>Kimberly Hood, WSBA #42903<br>Aldridge Pite, LLP<br>9311 SE 36th Street, Ste. 207<br>Mercer Island, WA 98040<br>khood@aldridgepite.com<br>PH: 858-750-7600<br>FX: 619-590-1385 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |
| ***Counsel for Defendant Jaspal Jazz Singh***<br>Seth S. Goodstein, WSBA #45091<br>ROI Law Firm PLLC<br>1302 N I Street, Ste. C<br>Tacoma, WA 98403<br>sethg@roilawfirm.com<br>PH: 253-753-1530<br>FX: 253-753-1532 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |
| ***Counsel for Defendant Eastside Funding, LLC***<br>Samuel M. Meyler, WSBA #39471<br>Reed Longyear Malnat Corwin & Burnett PLLC<br>801 Second Avenue, Ste. 1415<br>Seattle, WA  98104<br>smeyler@reedlongyearlaw.com<br>PH: 206-624-6271<br>FX: 206-624-6672 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ E-Service<br>☑ E-mail<br>☑ ECF |

By: *s/Cynthia Daniel*
Cynthia Daniel, Legal Assistant
cdaniel@buchalter.com

DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK, N.A. AS TRUSTEE'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS - 9

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052