HONORABLE KYMBERLY K. EVANSON

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

Hat Nguyen,

Plaintiff,

v.

Clear Recon Corp., a Washington State Corporation; Select Portfolio Servicing, Inc., a Utah Corporation; U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9; Jaspal Jazz Singh, an Individual; Eastside Funding, LLC, a Washington Limited Liability Company; and John and Jane Does 1-10,

Defendants.

No. 2:25-cv-01823-KKE

SURREPLY IN SUPPORT OF REQUEST TO STRIKE CLEAR RECON CORPORATION'S NOTICE OF JOINDER IN MOTION TO DISMISS

SURREPLY IN SUPPORT OF REQUEST
TO STRIKE CLEAR RECON
CORPORATION'S NOTICE OF JOINDER
IN MOTION TO DISMISS

Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

Pursuant to Local Civil Rule 7(g), Plaintiff Loan Nguyen respectfully submits this surreply for the limited purpose of requesting that the Court strike the Notice of Joinder in Motion to Dismiss filed by Defendant Clear Recon Corp. ("Clear Recon"). Dkt. No.58.

The Joinder is procedurally defective and must be stricken for one dispositive reason: it was filed *after* Plaintiff had already researched and filed her opposition to the co-defendants' Motion to Dismiss. A joinder filed after the opposition is submitted is not merely a procedural misstep; it is inherently prejudicial, as it denies the non-moving party a fair opportunity to be heard. The Court should strike the filing to cure this fundamental prejudice.

## I.      ARGUMENT

### A.      The Post-Opposition Joinder Is Per Se Prejudicial to Plaintiff.

A notice of joinder is timely only if it is filed before the non-moving party's opposition brief is due. This rule ensures that the non-movant has a full and fair opportunity to address the motion's arguments as they apply to all joining parties. Once the opposition brief has been filed, that window is irrevocably closed.

Here, the procedural sequence is undisputed:

1. Plaintiff filed her Response in Opposition to the co-defendants' Motion to Dismiss on November 12, 2025. Dkt. No. 55.

2. *After* Plaintiff's opposition was filed, Clear Recon filed the instant Joinder on November 17, 2025. Dkt. No. 58.

The prejudice caused by this post-opposition filing is not theoretical; it is substantive. The claims against Clear Recon, a foreclosure trustee, are legally distinct from the claims against the other defendants. Plaintiff's opposition was necessarily limited to the arguments against the original moving parties. It does not, and could not, address why those arguments fail when applied to the distinct statutory duties of a trustee under the Washington Deeds of Trust Act, RCW 61.24, *et seq.*

Allowing the Joinder to stand forces an untenable choice: either the Court must rule on

1

| SURREPLY IN SUPPORT OF REQUEST | Devlin Law Firm |
|---|---|
| TO STRIKE CLEAR RECON | 526 Gilpin Avenue |
| CORPORATION'S NOTICE OF JOINDER | Wilmington, DE 19806 |
| IN MOTION TO DISMISS | Tel: (302) 449-9010 |

the motion as to Clear Recon without the benefit of any targeted adversarial briefing from Plaintiff, or it must permit a disjointed supplemental briefing, thereby rewarding the improper filing. The Ninth Circuit has been clear that a "court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). The same principle applies here. Clear Recon's late Joinder functions as new material that Plaintiff has had no opportunity to address.

**B.      Striking the Joinder is the Only Proper Remedy.**

The Federal Rules do not contemplate a party joining a motion that has already been opposed. To permit such a practice would disrupt the Court's established briefing schedule and violate foundational principles of procedural fairness. Clear Recon's proper course was to file its own timely responsive pleading or motion. Its attempt to join this motion after the briefing was underway is improper.

The only remedy that cures the prejudice to the Plaintiff is to strike the Joinder. Doing so restores the status quo and requires Clear Recon to adhere to the standard procedures governing motion practice in this District.

**II.      CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant Clear Recon Corp.'s Notice of Joinder (Dkt. No. 58) in its entirety.

Dated November 17, 2025.

DEVLIN LAW FIRM LLC

By:  *s/ Christina Henry*
Christina Henry
Attorney for Plaintiff
6100 219th St SW
Ste 480, PMB 398
Mountlake Terrace, WA 98043-2222
Tel# 206-319-0077
*chenry@devlinlawfirm.com*
*Attorneys for Plaintiff Hat Nguyen*

2

SURREPLY IN SUPPORT OF REQUEST
TO STRIKE CLEAR RECON
CORPORATION'S NOTICE OF JOINDER
IN MOTION TO DISMISS

Devlin Law Firm
526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010